GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPAMAN
Assistant U.S. Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Patrick.Chapman@usdoj.gov
Attorneys for Plaintiff

☒ FILED   ☐ LODGED

**Aug 31 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Daniel Wayne Watson,

Defendant.

No. CR 22-02407-TUC-RM (JR)

**PLEA AGREEMENT**

The United States of America and Defendant, DANIEL WAYNE WATSON, agree to the following disposition of this matter:

PLEA

Defendant agrees to plead guilty to Count One of the Indictment, charging Threatening to Assault or Murder a Federal Employee, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4), a class C felony offense.

ELEMENTS OF THE CRIME

The essential elements of Threatening to Assault or Murder a Federal Employee are that:

1. The defendant threatened to assault, kidnap, or murder a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under 18 U.S.C. § 1114;

2. With intent to:

a. impede, intimidate, or interfere with such official, judge, or law enforcement officer while he or she was engaged in the performance of official duties, or

b. with the intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties.

<u>STIPULATIONS, TERMS AND AGREEMENTS</u>

<u>Maximum Penalties</u>: Defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

Defendant agrees to pay a fine unless Defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment:   Defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

<u>Agreement Regarding Sentencing</u>:

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a sentence of time served is an appropriate disposition of this case.

b. The parties agree that the following advisory sentencing guidelines apply:

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2A6.1(a)(1)) | 12 |
| More than two threats (U.S.S.G. § 2A6.1(b)(2)) | +2 |
| Official Victim (U.S.S.G. § 3A1.2(a)) | +3 |
| Acceptance (U.S.S.G. § 3E1.1(a)) | -3 |
| Total Adjusted Offense Level | 14 |

c. Defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing range based upon Probation's calculation of Defendant's criminal history score and category.

d. Defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing.   If Defendant requests or if the

Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

e. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

f. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow Defendant an opportunity to withdraw Defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

g. Defendant understands that if Defendant violates any of the conditions of Defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, Defendant may be required to serve an additional term of imprisonment or Defendant's sentence may otherwise be altered.

h. Defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

Disclosure of Information to U.S. Probation:

Defendant understands the government's obligation to provide all information in its file regarding Defendant to the United States Probation Office.

Defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

3

d.     All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

Reinstitution of Prosecution:

If Defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute Defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated.   In such event, Defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Agreement Regarding Seized Property:

Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

Waiver of Defenses and Appeal Rights:

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed time served.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to

4

collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal.  Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-

incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

1  Factual Basis:

2      I agree that the following facts accurately describe my conduct in connection with

3  the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

4  the government could prove the elements of the offense beyond a reasonable doubt based

5  on the following facts:

6          In April of 2021, Defendant was on supervised release in 21-CR-01032-RM

7          (JR).   The terms of Defendant's supervised release required him to

8          participate in a residential inpatient treatment program.  While housed at

9          Community Bridges (CBI), Defendant made threats in the presence of

10         employees of CBI directed toward T.B., his supervising U.S. Probation

11         Officer.

12             On April 11, 2022, Defendant learned that his request to transfer to a

13         different facility had been denied by his probation officer.  Upon learning

14         this information, Defendant stated to CBI employee C.P., "I am going to kill

15         my P.O., she is a dumb bitch, she is jealous of me and the fact I have a life

16         and family.  I am going to slit her throat."  C.P. then notified his supervisor,

17         C.B., of the threat.

18             C.B. then met with Defendant alone and repeated to him that his

19         probation officer was denying his request.  Defendant then told C.B., "that

20         he did not care what she wanted, I am going to do what I want to do… I hate

21         that bitch, I am going to kill her when I see her … just strangle her … the

22         next time I see that bitch she is dead."

23  //

24  //

25  //

26  //

27  //

28  //

At the time Defendant made these threats, he was being supervised by T.B., who was a United States Probation Officer performing her official duties in the District of Arizona. Defendant made the threats with the intent to intimidate and retaliate against T.B. while she was engaged in and on account of the performance of her official duties.

_8-30-23_
Date

_Daniel Watson_
DANIEL WAYNE WATSON
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_8-30-23_
Date

_Steven West_
STEVEN D. WEST
Attorney for Defendant

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

8/29/2023
_____
Date

*Patrick E. Chapman*
PATRICK E. CHAPMAN
Assistant U.S. Attorney

9